# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 18-0267V
(not to be published)

| | |
|---|---|
| M.W.,<br><br>               Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND HUMAN SERVICES,<br><br>               Respondent. | Chief Special Master Corcoran<br><br>Filed: March 31, 2021<br><br>Motion to Redact; Special Processing Unit (SPU); Pneumococcal Conjugate 13-Valent (Prevnar); Shoulder Injury Related to Vaccine Administration (SIRVA) |

*Jimmy A. Zgheib, Zgheib Sayad, P.C., White Plains, NY,* for Petitioner.

*Kimberly Shubert Davey, U.S. Department of Justice, Washington, DC,* for Respondent.

### ORDER GRANTING MOTION TO REDACT AND AMENDING CASE CAPTION[1]

On February 21, 2018, M.W. filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleges that alleges that she suffered a Shoulder Injury Related to Vaccine Administration ("SIRVA") as a result of the pneumococcal conjugate 13-Valent ("Prevnar 13) vaccine administered to her on June 23, 2017. Petition at 1.

I issued a decision awarding damages on March 17, 2021. ECF No. 74. Petitioner has timely requested, pursuant to Vaccine Rule 18(b), that I redact her name to her initials throughout the decision, including her case caption. ECF No. 75. For the reasons stated below, I hereby grant Petitioner's motion.

---

[1] Because this unpublished order contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the order will be available to anyone with access to the internet. In light of my conclusion below, I intend to post this Order with a redacted caption.** To the extent Petitioner would seek further redaction, in accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

**Procedural Background**

Petitioner filed the present motion on March 18, 2021, requesting that her name be redacted from the decision awarding damages. ECF No. 75. Petitioner requests that her name be redacted to reflect her initials in order to protect her personal interests and safety from her ex-husband. *Id*. at 2. Petitioner was married to her ex-husband on or about March 19, 2016, and they divorced on September 19, 2018. *Id*. She states that there was abuse throughout their marriage and that she is concerned for her personal safety. *Id*. at 2-3. Petitioner goes on to detail several instances where her ex-husband threatened her. *Id*. at 3-4. In the motion requesting redaction, Petitioner's counsel notes that Petitioner's ex-husband has contacted the attorney who previously represented Petitioner in order to obtain information about this case. *Id*. at 3.

Respondent filed a brief responding to Petitioner's motion. ECF No. 76. Respondent took no position as to whether redaction was appropriate or not, deferring resolution of the matter to my judgment. *Id*. at 4-5. Respondent did, however, discuss the standards to be applied in weighing redaction requests based on two decisions addressing the matter at length. *See generally W.C. v. Sec'y of Health & Human Servs.*, 100 Fed. Cl. 440, 456-57 (Fed. Cl. 2011), *aff'd*, 704 F.3d 1352 (Fed. Cir. 2013); *Langland v. Sec'y of Health & Human Servs.*, No. 07-36V, 2011 WL 802695 (Fed. Cl. Spec. Mstr. Feb. 3, 2011), *mot. for rev. denied on non-relevant grounds*, 109 Fed. Cl. 421 (2013); *Id*. at 2-4. Petitioner did not file a reply. The matter is now ripe for resolution.

**Analysis**

I have previously discussed in other decisions the Vaccine Act's treatment of requests to redact Program decisions and rulings. *See generally K.L. v. Sec'y of Health & Human Servs.*, No. 12-312V, 2015 WL 11387761, at *2-4 (Fed. Cl. Spec. Mstr. Feb. 27, 2015), *mot. for review den'd*,123 Fed. Cl. 497 (2015); § 12(d)(4)(B); Vaccine Rule 18(b). The Act provides for redaction from published decisions of certain categories of information – "medical files and similar files" – but only if the disclosure of such information would constitute a "clearly unwarranted invasion of privacy." Section 12(d)(4)(B). Although the Vaccine Rules make mandatory the redaction of a minor's name, adult petitioners' names (which are not similarly protected automatically) may also be redacted if the movant establishes proper grounds for so doing. *See generally W.C.*,100 Fed. Cl. at 460-61 (analogizing Vaccine Act's privacy concerns to treatment of similar issues under the Freedom of Information Act, claimant's name was properly subject to redaction from decision); *A.K. v. Sec'y of Health & Human Servs.*, No. 09-605V, 2013 WL 322918, at *2 (Fed. Cl. Spec. Mstr. Jan. 17, 2013) (same); *but see Langland*, 2011 WL 802695, at *7-8 (petitioners not entitled to redaction of names from decision where they failed to establish compelling grounds for so doing).

As I have previously observed, *W.C.* and *Langland* stand as two somewhat-opposed interpretations of how strict the standard for obtaining redaction should be. *Langland* adopts a more stringent approach, while *W.C.* emphasizes a

balancing test that weighs a petitioner's privacy interests against "the public purpose of the Vaccine Act." *W.C.*, 100 Fed. Cl. at 460-61; *K.L.*, 2015 WL 11387761, at *2-3. In either case, however, a petitioner needs to make *some* showing to justify the relief of redaction; redaction is not available simply at a petitioner's beck and call. *W.C.*, 100 Fed. Cl. at 460 (balancing of interests favors redaction "where an objection [to disclosure] is made on *reasonable grounds*") (emphasis added). I have permitted redaction in cases where such a specialized showing was made without reconciling these two competing standards or choosing one over the other. *See, e.g.*, *K.L. v. Sec'y of Health & Human Servs.*, No. 12-312V, 2015 WL 11882259 (Fed. Cl. Spec. Mstr. Oct. 30, 2015) (granting petitioner's motion for redaction because disclosure of her injuries would cause her harm in the employment context).

Here, I find that it is appropriate to grant the redactions proposed by Petitioner. As noted above, Petitioner requested only that her name be redacted to her initials, and did not request redaction of other information, such as references to her medical condition or the vaccine claimed to have caused her injury.[3] Based on the above, I conclude that Petitioner has made an adequate showing for her redaction request. *See* K.L., 2015 WL 11882259; *L.F., v. Sec'y of Health & Human Servs.*, No. 17-0299V, 2019 WL 11315071 (Fed. Cl. Spec. Mstr. April 29, 2019) (granting Petitioner's motion for redaction finding that publication would put Petitioner's family's safety at risk). Accordingly, I will grant Petitioner's motion to redact her name to her initials.

## CONCLUSION

For the reasons set forth above, I hereby determine that Petitioner has established grounds for redaction of her name in the Decision on Damages, and **I therefore GRANT her motion. Further, the Clerk of this Court is hereby instructed to change the caption of this case to the caption above.**

**IT IS SO ORDERED.**

                                        **s/Brian H. Corcoran**
                                        Brian H. Corcoran
                                        Chief Special Master

---

[3] In any event, such information would not be appropriate for redaction under the Vaccine Act given the public's interest in disclosure of possible vaccine-related injuries and their causes. *See W.C.*, 100 Fed. Cl. at 461.